Juan **LEE**, Appellant,

v.

**WESTCHESTER FIRE INSURANCE COMPANY, Appellee.**

No. 8638.

Court of Civil Appeals of Texas, Amarillo.

Feb. 23, 1976.

Smith & Smith Law Offices, Mickey Blanks, Lubbock, for appellant.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellee.

REYNOLDS, Justice.

A workmen's compensation claimant, who recovered from the party liable for his injuries a sum greater than that paid by the intervening insurance carrier, seeks under Vernon's Ann.Civ.St. art. 8307, § 6a, a fee for his attorney payable out of the carrier's subrogation recoupment on the ground that the carrier's interest was not actively represented by its attorney. The trial court, finding that the carrier's interest was actively represented by its attorney, denied the motion for attorney's fee. The claimant appeals, asserting that the evidence establishes his contention as a matter of law. There being some evidence to sustain the trial court's finding, the contention must be overruled. Affirmed.

The claimant's contention is referenced to workmen's compensation legislation and the evidence heard by the trial court. As originally enacted, V.A.C.S. art. 8307, § 6a, provided that an employee injured by a party legally liable for the injury waived his claim to workmen's compensation benefits if he elected to proceed against the liable party prior to the final determination of his compensation claim. See *Campbell v. Sonford Chemical Company*, 486 S.W.2d 932 (Tex. 1972). Effective 1 September 1973, the statute was amended to specify that if the injured employee proceeds against the person legally liable to pay damages for his injury, the employee shall not waive his rights to compensation under the law. The workmen's compensation insurance carrier is subrogated to the rights of the injured claimant to the extent of the amount paid or assumed under its policy. The new enactment provides, insofar as material to the contention made here, that,

. . . when the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, . . . the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third

per cent (33⅓%) payable out of the association's part of the recovery . . ..[1]

After the effective date of the amendment, Juan Lee was an employee of Lubbock attorney Mark Smith who had subscribed to a policy of workmen's compensation insurance issued by Westchester Fire Insurance Company. Lee was injured on 5 September 1973 when the automobile he was operating in the course of his employment for Smith was involved in a collision with an automobile driven by Rose Sproles. Lee, acting by his employer, attorney Smith, filed a workmen's compensation claim with the Industrial Accident Board and, from time to time, Westchester paid compensation benefits to, and medical expenses for, Lee.

At the time of the collision, Roel Garza was a passenger in Lee's automobile. Four months after the collision and while Westchester was making payments under Lee's compensation claim, Lee and Garza, represented by attorney Smith, filed their personal injury suit against Rose Sproles, whose liability was apparently clear. Smith did not give notice of the suit to Westchester, and he told the attorney for Sproles' insurance company that he, Smith, was handling settlement negotiations. Upon learning of the suit from Sproles' insurance company, Westchester retained, and submitted its complete investigation file to, the firm of Key, Carr, Evans & Fouts to intervene in the suit and represent its interests. A member of the law firm, after reviewing the file, filed Westchester's plea in intervention which asserted its right through subrogation to first receive out of Lee's recovery from Sproles the amount Westchester had paid to and on behalf of Lee, as well as the right to amend its pleadings for the recovery of any future amounts it was obligated to pay. Lee and Sproles were notified of the intervention by a copy of the pleading sent to their attorneys of record.

Thereafter and without notice to Westchester's attorney whose policy was to actively participate in taking depositions, Smith, as Lee's attorney, took the deposition of Sproles, whose insurance company attorney on the same day secured the depositions of Lee and Garza. Next, Smith addressed medical interrogatories to Lee's treating doctor and furnished a copy to Westchester's attorney. After reviewing Westchester's file, its attorney thought Smith's interrogatories were sufficient and deemed no further medical information was needed for Westchester's purposes. However, neither the cross interrogatories directed to the treating doctor and to another doctor by the attorney for Sproles' insurance company nor Smith's re-direct inquiries to the doctors, as well as several other documents exchanged between these attorneys, are shown to have been furnished to Westchester's attorney.

Subsequently, Westchester notified its attorney that Lee's compensation claim had been settled for $20,721.65. The attorney then filed an amended petition in intervention to show the full amount of its subrogated interest. At this time, the attorney for Sproles' insurance company offered her policy limits of $25,000 to settle Lee's suit against her. Smith, however, was also pressing for the settlement of Garza's claim, and no agreement was reached then. On at least three occasions, Westchester's attorney and the attorney for Sproles' insurance company communicated as to the settlement.

Some eight or nine months after the settlement offer was made, Smith and Sproles'

---

1. Alternatively, the statute makes provision for (1) the association to pay the claimant's attorney a reasonable fee not to exceed one-third of the subrogated recovery pursuant to their agreement fully disclosed in writing and acknowledged by the claimant and filed, or (2) the apportionment of a reasonable fee not to exceed one-third of the subrogated interest between the claimant's attorney and the association's attorney who actively participates in obtaining a recovery. However, claimant Lee has not contended that his attorney is entitled to a fee under either of these two provisions, and they will not be further noticed.

insurance company's attorney agreed to settle Lee's suit against Sproles for $25,000. Following the agreement, Lee filed in the suit his motion for assessment of a fee for his attorney out of Westchester's recoupment, the material allegations of which are: "Plaintiff would show that although the Intervenor [Westchester] has retained an attorney to represent its interests in this suit, said attorney has not actively participated in obtaining a recovery for Intervenor and that, therefore, pursuant to the provisions of the aforementioned statute [V.A.C.S. art. 8307, § 6a] Plaintiff's Attorneys are entitled to a reasonable attorney's fee of one third of the recovery of the Intervenor on its subrogated claim." Westchester controverted the motion.

After severing Garza's portion of the suit and hearing the evidence from which the foregoing was summarized, the trial court entered judgment on the $25,000 compromise and settlement between Lee and Sproles, apportioned Lee's recovery to Westchester in the sum of $20,721.65 and to Lee in the amount of $4,278.35, and denied Lee's motion for assessment of a fee for his attorney against Westchester's subrogated recoupment. At Lee's request, the court made and filed findings of fact and conclusions of law. One of the court's findings is that Westchester's subrogation claim has been actively represented by Key, Carr, Evans & Fouts at all material times; another finding is that the law firm actively represented Westchester to the full extent necessary to protect its subrogation interest and actively participated in obtaining a recovery.

■ Limited to that portion of the judgment denying an attorney's fee, an appeal has been perfected by Lee.[2] By one point of error composed of two parts, Lee contends that Westchester's subrogation claim was not actively represented by the law firm of Key, Carr, Evans & Fouts and, therefore, his attorney, Mark Smith, was due a reasonable attorney's fee from Westchester's subrogation interest. The prayer is that the judgment of denial be reversed and that judgment be rendered for a reasonable attorney's fee of one-third of the subrogation interest.

Drafted to attack the trial court's failure to affirmatively find as the ultimate fact that Westchester's interest was not actively represented by its attorney, the point of error is judicially recognized as the contention that the fact was established "conclusively" or "as a matter of law." Hatchell and Calvert, *Some Problems of Supreme Court Review*, 6 St. Mary's L.J. 303, 323 (1974). The point presents the question whether as a matter of law there was any evidence to sustain the judgment of the trial court, *Wisdom v. Smith*, 146 Tex. 420, 209 S.W.2d 164, 166 (1948); that is, whether there was evidence that Westchester's interest was actively represented by its attorney.

■ Before the court was the evidence that Westchester's attorney reviewed the file to determine the proper petition for intervention; he filed an original petition in intervention and notified opposing counsel; he considered the medical interrogatories furnished him, and in reviewing his file, deemed no further inquiry necessary; he amended the petition in intervention when

2. In considering the appeal we have not overlooked the anomaly presented by Lee's pursuit of a right statutorily conferred on another. By the statute, the exclusive right to an award of an attorney's fee is in the claimant's attorney and not in the claimant. Generally, a right must be exercised by the one in whom it is vested, and one person may not bring an action on the right of another. *Kaplan v. Kaplan*, 373 S.W.2d 271 (Tex.Civ.App.—Houston 1963, no writ). Insofar as the record reveals, Lee's attorney has not asserted his right to an attorney's fee. He, himself, did not move for the fee; he did not join in Lee's motion; and he has not appealed from the denial of Lee's motion that he be awarded an attorney's fee. Nevertheless, Westchester waived any right to contest Lee's legal capacity to pursue the action by not filing the verified plea required by Rule 93(b), Texas Rules of Civil Procedure, to challenge Lee's capacity. *McGinnis v. McGinnis*, 267 S.W.2d 432 (Tex.Civ.App. —San Antonio 1954, no writ).

Lee's compensation claim was settled; he exchanged settlement communications with the attorney representing the party liable for Lee's injuries; and he participated in the culmination of the settlement between Lee and Sproles to the extent, at least, that Westchester's full subrogation interest was protected and secured. Clearly, these things done in representing Westchester's interest are more harmonious with action or movement than with inaction or idleness and, under the circumstances, constitute some evidence that Westchester's interest was actively represented by its attorney. Therefore, there being some evidence to sustain the finding upon which the judgment is properly based, "we cannot, as a matter of law, hold otherwise." *Rourke v. Garza*, 530 S.W.2d 794, 799 (Tex.1975). The point of error is overruled.

The judgment is affirmed.