**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**Joseph C. STUEBING et ux., and Cantey, Hanger, Gooch, Munn & Collins, Appellees.**

**No. 18241.**

Court of Civil Appeals of Texas, Fort Worth.

Jan. 31, 1980.

Rehearing Denied Feb. 28, 1980.

Street, Swift, Brockermeyer, Bell & Ward, and Richard E. Ward, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, and Gary L. Ingram, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

The instant controversy involves a dispute of an injured worker and her attorneys against the Insurance Company of North America ("INA"), insurer under the Texas Workers' Compensation Act, over attorney's fees to be paid by INA to the worker's attorney. INA had paid medical, hospital, and weekly compensation benefits to and for the benefit of Mrs. Joseph C. Stuebing, the injured employee of INA's insured, and eventually settled her compensation claim (except for the INA exposure to liability in the event of future hospital and medical expense). Afterward INA joined with Mrs. Stuebing's attorneys, Cantey, Hanger, Gooch, Munn & Collins, to seek a recovery of Mrs. Stuebing's common law damages from a third party tort-feasor. Of these INA was subrogated to the extent of $34,096.21 (out of the money damages which might be recovered—either by settlement or judgment—of and from the tort-feasor).

The suit against the tort-feasor was settled by agreement of all parties plus approval by the court, save for the portion of the judgment which recited and decreed that INA's liability to Mrs. Stuebing's attorneys as a reasonable attorney's fee was $5,500.00. Therefrom INA appealed.

We reverse and remand because of the insufficiency of evidence.

INA has briefed 18 points of error. However, the contentions presented amount to the representation that by the evidence there should have been no award of attorney's fees in any amount against INA, and, alternatively, that the amount awarded was excessive by insufficiency of the evidence and under the circumstances shown. The judgment, save and except upon INA's obligation to pay attorney's fees, and if so obligated upon the amount to be paid, is not made the object of complaint on appeal and for our purpose is treated as final.

Under the Texas Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a, "Recovery from third person; subrogation; attorney's fees", by amendment effective September 1, 1973, adopted the provision giving rise to the controversy in this case. The material provision therein reads as follows:

"If the association obtains an attorney to actively represent its interest and if the attorney actively participates in obtaining a recovery [under its subrogation rights as against a third party deemed

responsible in damages because of the injury to the employee], the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys taking into account the benefit accruing to the association as a result of each attorney's service, the aggregate of such fees not to exceed thirty-three and one-third per cent (33⅓%) of the subrogated interest."

The foregoing amendment grew out of practices common to that field of litigation having relation to recovery from a third party the common law damages for which the third party was or might be liable to one who had been an employee under the Workers' Compensation Act when injured. In such a case a portion of the employee's claim would have become the insurance carrier's through the subrogation effective by force of law. Somewhat common in such cases, particularly when the carrier deemed the employee's attorney wholly competent to proceed, had been the carrier's employment of its own attorney to intervene in the third party suit and then do little more than merely stand ready to see that if the employee recovered anything the carrier should have reimbursement and recoupment out of the amount recovered. (The employee's entitlement could only be the excess above that to belong to the carrier.)

One result was that often the carrier obtained a "free ride" insofar as the employee's expense of preparation for and trial of the suit was concerned. The employee's attorney often failed to be fairly compensated for actual work performed for in most cases his work was on a contingent fee basis and there was no provision of law which required the carrier to pay him anything. Often the carrier would pay nothing where it had employed its own attorney to present its claim. It was to supply remedy to protect the attorneys who actually did the work that the amendment was adopted. But for the amendment the issues which are here under consideration could not have arisen.

The instant case was one in which an amount considerably in excess of that subrogated was almost certain to be obtained from the third party tort-feasor. Indeed, even before the attorneys were employed by Mrs. Stuebing to pursue her third-party action in tort she had the opportunity to collect the sum of $100,000.00 (for herself and INA). It was the same total amount for which settlement was ultimately effected, though after Mrs. Stuebing had employed attorneys for the purpose. Settlement was for $100,000.00 to be apportioned: $65,909.79 to Mrs. Stuebing and $34,090.21 to INA. The amount apportioned to INA was the full amount to which it was subrogated.

Readily perceivable is that INA was of the opinion that because $100,000.00 was obtainable by Mrs. Stuebing without having employed her attorneys it should not be required to pay $5,500.00 as its portion of the attorney's fees for services of her attorneys when the settlement for the same $100,000.00 was ultimately effected. INA had employed its own attorney to protect its subrogation rights and to participate in prosecuting the claim and suit.

■ INA insists that the services of Mrs. Stuebing's attorneys were worthless to it for the amount of its recovery was not increased. That is obviously so. However, when the amendment to Art. 8307, § 6a is examined it is to be observed that the "benefit accruing to the association [e. g. the insurer] as result of such attorney's service" is only one factor to be taken into account by the court in its determination of the reasonable amount chargeable as attorney's fees because of the services of the attorney employed by the worker.

■ In this case the circumstances obtaining show that there would have been the probable ability of Mrs. Stuebing, in the event of a full blown trial of her third party tort action, to not only establish liability, but to recover common law damages for an amount in excess of $100,000.00. However, it also appears, as was shown to the trial court, that the extent of the insurance coverage for the tort-feasor was only $100,-

000.00. The liability of the tort-feasor was sufficiently apparent that its insurance company desired to pay off the maximum amount of its liability under the insurance policy. To do so would obviate circumstances possible to be hypothesized where the company might have a greater liability in the event it failed or refused to offer it. On this see *G. A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm'n.App.1929, holding approved).

The investigation of Mrs. Stuebing's attorneys further indicated material doubt of the independent ability of the tort-feasor to respond in damages in the event, upon its liability having first been found, damages of more than $100,000.00 should be also found. There would be a hazard and exposure to risk that neither Mrs. Stuebing or INA should receive anything in the event there was election to proceed to trial with the offer of $100,000.00 refused. Ultimately decided by Mrs. Stuebing's attorneys was that the risk of loss by litigation would not be commensurate with the risk of profit by the rejection of the $100,000.00 and "going for broke". In other words it was concluded that by a rejection of the tendered settlement and an insistence on a trial there was a danger, though somewhat slight, that Mrs. Stuebing would get nothing.

It was only after having made their investigation, having briefed the law, and having done all the things proper to be done by an attorney skilled in the somewhat specialized field of our Workers' Compensation Act, that the attorneys were able to present the situation to their client, Mrs. Stuebing. In the exercise of what would appear as sound judgment she decided to accept the $100,000.00 in settlement.

Apart from any consideration of the statutory element mentioned as "taking into account the benefit accruing to the association [e. g. INA] as a result of each attorney's service", those things proper to be considered in arriving at a proper amount as attorney's fees would not be in any way different, nor present occasion for any difference in the proper amount to be found had there not been the earlier offered settlement.

Normally, under the circumstances described above, the judgment of the trial court would be affirmed. This is due to the clearly expressed legislative intent that in a proper case the subrogated insurer should be liable for the payment of a portion of the attorney's fees due to the employee's attorney. However, by our review of the record in the instant case, we must agree with INA that the evidence presented is insufficient to support the award of $5,500.00. Mrs. Stuebing's attorneys, though proving their time expended in rendering necessary services, failed to present proof of the value of that time. We can judicially know there was a value in some amount, though not what a proper amount would be. Because of this we must reverse the judgment of the trial court.

We have reviewed all of INA's points of error. Save for its complaint of insufficiency of evidence to establish any particular amount to be assessed against INA as its obligation to pay the Stuebing attorneys we find no merit in its points and they are overruled.

It is suggested that on retrial care be taken in proving the total of attorney's time. Proof should be restricted to time devoted to an investigation into the facts and law related to a prosecution of the third party tort action. Proof of any time spent which might be of doubtful applicability thereto should be avoided or in any event segregated so that the court might render a proper judgment.

We reverse the judgment and remand the cause.