**METROPOLITAN TRANSIT AUTHORITY, Appellant,**

v.

**Richard PLESSNER, et al., Appellees.**

**No. 01–84–0415–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1984.

Warren Taylor, Butler & Binion, Houston, for appellant.

Samuel Miller, Richard Plessner, Thomas F. Schlotzhauer, Houston, for appellees.

Before BULLOCK, DOYLE and BASS, JJ.

## OPINION

BULLOCK, Justice.

This is an appeal from the granting of the appellees' motions for summary judgment.

Metropolitan Transit Authority, "MTA," filed a declaratory judgment action against Richard Plessner, Thomas B. Schlotzhauer, Samuel J. Miller, and William L. Lane. MTA sought a determination of its right to the entire subrogation interest in settlement proceeds from third-party claims made by its employees after the employees had recovered workers' compensation claims from MTA.

The facts are undisputed. MTA, a political subdivision of the State of Texas, is self-insured and provides workers' compensation benefits to its employees pursuant to Tex.Rev.Civ.Stat.Ann. art. 8306 (Vernon Supp.1984). Therefore, it is an "insurance association" as that term is used in article 8307.

MTA paid workers' compensation claims to employees Sylvester Johnson, David Gray, Limuel Sharp, and Thelma Hodge. Therefore, it was entitled to any subrogation interest in settlement proceeds from third-party claims that those employees may have received. Each employee hired an attorney through which each settled a third-party claim. Johnson was represented by Plessner, Gray by Miller, Sharp by Schlotzhauer, and Hodge by Lane. Each attorney withheld attorney's fees from MTA's subrogation interest, claiming that he was entitled to reasonable fees from MTA's subrogated interests. MTA never hired any attorneys to represent it or protect its subrogation interest in the third-party claims.

MTA filed suit pursuant to the Uniform Declaratory Judgment Act, Tex.Rev.Civ. Stat.Ann. art. 2524-1 (Vernon 1965) for construction of Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 6a (Vernon Supp.1984) and a declaration that the appellees were not entitled to attorneys' fees under article 8307, section 6a.

Each appellee filed a general denial. In addition, Schlozhauer and Plessner filed cross-actions under the Uniform Declaratory Judgments Act for construction of article 8307, sec. 6a and a declaration that they were entitled to attorneys' fees.

MTA filed a motion for summary judgment alleging that there was no question of fact involved and that it was entitled to judgment as a matter of law. Thereafter, Miller, Plessner, and Schlotzhauer filed motions for summary judgment asserting that there was no genuine issue of material fact necessary to recover attorneys' fees under article 8307, section 6a; therefore, they should be granted a judgment for attorneys' fees.

On May 8, 1984, the trial court ordered that the cause of action between MTA and Lane be severed from the original suit.

On May 11, the court denied MTA's motion for summary judgment and granted appellees' motions for summary judgment.

MTA appeals on two points of error. In its first point, MTA asserts that the trial court erred in granting appellees' motions for summary judgment because appellees are not, as a matter of law, entitled to any portion of the subrogation interest. In point of error two, MTA alleges that the trial court erred in denying its motion for summary judgment, since the summary

judgment evidence demonstrated as a matter of law that the appellees are not entitled to any portion of the subrogation interest. Both points will be discussed together.

Article 8307, sec. 6a provides that an injured employee may proceed against a third person to recover damages when the injury was caused under circumstances creating liability in some person other than the subscriber. It further provides:

> However, when the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, the association shall pay such fee to the claimant's attorney not to exceed one-third (⅓) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association or in the absence of such agreement, the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third percent (33⅓) payable out of the association's part of the recovery.

The appellant argues that the statute describes only three situations in which a claimant's attorney is entitled to fees from the insurance carrier: (1) when there is an agreement between the parties; (2) when the claimant has agreed in writing to allow his attorney to represent the carrier; (3) when a lawsuit has been filed and the association is not actively represented by an attorney. Although the appellant admits that this issue has never been directly addressed by the courts, it relies on the following cases to support its assumption that these three examples are the only situations in which a fee may be recovered and that sec. 6a is incapable of operating in the absence of a lawsuit: *Hartford Insurance Co. v. Branton & Mendelsohn, Inc.*, 670 S.W.2d 699 (Tex.App.—San Antonio 1984, no writ); *Union Carbide Corp. v. Burton*, 618 S.W.2d 410 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *International Insurance Co. v. Burnett & Ahders, Associated*, 601 S.W.2d 199 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.); *Insurance Company of North America v. Stuebing*, 594 S.W.2d 565 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.); and *Lee v. Westchester Fire Insurance Co.*, 534 S.W.2d 392 (Tex.Civ.App.—Amarillo 1976, no writ).

We do not interpret those cases as standing for the proposition suggested by the appellant. First, the cases never stated or held that the three situations, cited by the appellant, were the *only* ones in which a claimant's attorney could recover a fee. Second, in each case cited by the appellant, the court's awarding of attorney's fees to the claimant's attorney was not contingent upon whether the attorneys actually filed lawsuits. Each filing of a lawsuit was merely incidental to the recovery of the third-party claim. In each case, the issue was whether attorney's fees should be paid to the claimant's attorney. A major factor in the determination was the amount of work the claimant's attorney had expended in preparing for trial or settlement. *Hartford Insurance*, 670 S.W.2d at 704; *Union Carbide Corp.*, 618 S.W.2d at 416; *International Insurance Co.*, 601 S.W.2d at 202; *Insurance Company of North America*, 594 S.W.2d at 568.

In *Lee*, 534 S.W.2d 392, the issue was whether the carrier's attorney had actively participated in trial; however, that issue was important only in determining whether the claimant's attorney's fees were recoverable out of the carrier's subrogation recoupment. *Id.* at 395.

The appellant argues that section 6a applies only to claims involving the actual filing of a lawsuit, since the language of the statute is relevant only to parties in court. Furthermore, it argues that section 6a applies only to claims involving lawsuits, as shown by the absence of a mechanism for determining a "reasonable fee" when no suit has been filed. In addition, it contends that the statute does not provide for compensation when no legal work is performed; because the appellees performed little or no "legal work," e.g., attended depositions, or hearings, or instigated other

discovery, they are not entitled to a recovery.

In any case involving statutory interpretation, the court must look to the intent of the legislature and must construe the statute so as to give effect to that intent. *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382 (Tex.1982). The court's interpretation must be fair, rational, reasonable, and with a view accompanying the legislative intent and purpose. *McKinney v. City of Abilene*, 250 S.W.2d 924 (Tex.Civ.App.—Eastland 1952, writ ref'd n.r.e.); *see, e.g., Austin v. Collins*, 200 S.W.2d 666 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n.r.e.). A statute will not be construed so as to ascribe that the legislature has done an unjust or unreasonable thing. *State Highway Department v. Gorham*, 139 Tex. 361, 162 S.W.2d 934 (1942); *Anderson v. Penix*, 138 Tex. 596, 161 S.W.2d 455 (1942).

The legislature adopted section 6a by amendment effective September 1, 1973. Prior to the amendment, in situations where an injured employee was entitled to damages from a third party, and the employer hired its own attorney, the insurance association would hire its attorney to intervene in the third-party suit and then do little more than see if the employee recovered anything that could be subrogated by the association. Since the employee was entitled only to the excess of the amount belonging to the carrier, the result was often that the association received the benefits of the claimant's attorney's efforts in obtaining the claim without compensating the attorney for his efforts. In most cases, the attorney's work was done on a contingent fee basis, and there was no provision of law requiring the association to pay anything to the attorney. Section 6a was enacted to supply a remedy for attorneys who actually performed the work. *See Hartford Insurance*, 670 S.W.2d at 701; *Insurance Company of North America*, 594 S.W.2d at 567. In the instant case, the association has not hired an attorney to protect its interest. The issue is whether a claimant's attorney can withhold attorney's fees from an association's subrogation interest when that attorney has obtained a settlement from a third party without filing a lawsuit, and the association has not hired an attorney to represent its interest.

Because the intent of the legislature was to guarantee compensation to attorneys who actually performed the work, we hold that this intent was the same whether the client and the association each hired its own attorney, or the client hired an attorney and the association did not. We also hold that this intent was the same whether attorneys obtain a settlement with or without filing a lawsuit. An interpretation requiring that when attorneys obtain a third-party settlement, they may be compensated only if they file a lawsuit is unfair, unreasonable, and not within the legislature's purpose in adopting amendment 6a.

The appellant's interpretation would require that claimants' attorneys immediately file a lawsuit whenever they receive a claim involving subrogation interests of an association. Otherwise, attorneys could spend numerous hours working on a claim for which they would not be compensated. Furthermore, the courts would become cluttered with an enormous amount of cases which could be settled outside of court without the filing of a lawsuit. Finally, attorneys are entitled to be compensated for work completed before filing a lawsuit as well as work completed after a lawsuit has been filed.

The appellant's points of error are overruled.

The summary judgments are affirmed.