

# THE ATTORNEY GENERAL
## OF TEXAS

October 20, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. James L. Pledger
Commissioner
Texas Savings and Loan
   Department
2601 N. Lamar, Suite 201
Austin, Texas    78705

Opinion No.    JM-1110

Re:    Whether article 342-705, V.T.C.S., restricts the authority of the Savings and Loan Commissioner to issue subpoenas for bank records (RQ-1765)

Dear Mr. Pledger:

You ask:

> Does Section 1 of Article 342-705, Vernon's Texas Civil Statutes, restrict the authority of the Texas Savings and Loan Commissioner to issue subpoenas to banks for records of bank accounts or other bank records pursuant to examinations conducted under Section 8.02 of the Texas Savings and Loan Act?

Section 8.02 of article 852a, V.T.C.S., a provision of the Savings and Loan Act (hereinafter "section 8.02") provides in pertinent part:

> The commissioner shall periodically cause an examination to be made into the affairs of each association, including its subsidiaries and transactions and the dealings of any savings and loan holding company related to its savings and loan subsidiaries, including an audit if an independent audit is not available or is unsatisfactory to the commissioner. On completion of an audit, one copy of the audit report, signed and certified by the auditor, shall be filed promptly with the commissioner. The commissioner, a deputy commissioner, or an examiner or auditor of the commissioner shall have free access to the books and records of an association or a subsidiary corporation or holding company of the association that relate to the association's business and to books and records kept

> by an officer, agent, or employee of one of the entities relating to or on which a record of its business is kept. The commissioner, deputy commissioner, examiner, or auditor may subpoena witnesses and administer oaths or affirmations in examination of the directors, officers, agents, or employees of an association or any other person in relation to its affairs, transactions, and condition and may require and compel by subpoena the production of records, books, papers, contracts, or other documents.

It is our understanding that it has been a frequent and long-standing practice of the Savings and Loan Department (hereinafter the "department") of the Finance Commission of Texas, in conducting the examinations provided for in section 8.02, to obtain bank records where necessary to reconstruct transactions of a savings and loan association (hereinafter "S&L") under examination. In the brief submitted with your request, you refer, as authority for this practice, to the language of section 8.02 empowering the commissioner, etc., to "subpoena witnesses and administer oaths or affirmations in examination of the directors, officers, agents, or employees of an association or any other person in relation to its affairs, transactions, and condition and may require and compel by subpoena the production of records, books, papers, contracts, or other documents." (Emphasis yours.)[1]

---

1. The last quoted language of section 8.02 derives from provisions originally enacted in 1913 as part of, in the words of the bill's caption, "an Act to provide for the incorporation and regulation of certain corporations generally known as building and loan associations." Acts 1913, 33d Leg., 1st C.S., ch. 33, at 72. Section 16 of the 1913 act provided for periodic examination of the affairs of all building and loan associations by the Commissioner of Banking and Insurance. The second sentence of section 16 read:

> Such examinations shall be full and complete, and in making the same the examiner shall have full access to, and may compel the production of all books, papers and moneys, etc., of the association under examination, and may administer oaths to and examine the officers of such association or any other person

(Footnote Continued)

We note that you do not ask whether this language of section 8.02 standing alone authorizes the commissioner to subpoena bank records in connection with the examination of an S&L.   In the understanding that the department has *long construed the provision to grant such authority* -- and mindful of the rule that a court will ordinarily defer to a long-standing construction of an ambiguous statute by the administrative agency charged with its implementation -- we will assume for purposes of this opinion that section 8.02 does authorize the commissioner to subpoena bank records when he deems them pertinent to the affairs of an S&L under examination.  See, e.g., Ex parte Roloff, 510 S.W.2d 913 (Tex. 1974).

It is our understanding that in a recent examination of an S&L under section 8.02, the department sought to examine certain bank records the commissioner deemed relevant to the affairs of the S&L under examination.  The bank's officials expressed concern that a provision of the Texas Banking Code of 1943, as amended, see V.T.C.S. art. 342-705, restricted the bank's disclosure of records covered by that article.

Article 342-705, as amended by the 71st Legislature in 1989, provides in section 1 that no financial institution[2] shall be required to recognize the claim of any third party to any deposit or withhold payment of any deposit to any depositor until the bank is served with citation or other process from a court.  Section 1 as amended further provides:

> [N]either shall any financial institution be required to disclose or produce to third

_____

(Footnote Continued)
connected therewith, as to its business and affairs.

Id. at 76.

2.   Section 4 of article 342-705, added in 1989 provides:

> In this article 'financial institution' means a state or national bank or state or federal savings and loan association maintaining an office, branch, or agency office in this state or otherwise engaged in the business of lending money or extending credit in this state.

Acts 1989, 71st Leg., ch. 1196, § 7, at 4886.

> parties, or permit third parties to examine the amount deposited by any depositor or other records pertaining to the deposits, accounts, loans, or other transactions of a depositor, owner, borrower, or customer except (i) where the depositor, owner, borrower, or customer to whom the information is to be disclosed is a proper or necessary party to a proceeding in a court of competent jurisdiction in which event the records pertaining to the deposits, accounts, loans, or other financial institution transactions of such depositor, owner, borrower, or customer shall be subject to disclosure or (ii) where the financial institution itself is a proper or necessary party to a proceeding in a court of competent jurisdiction, except that records pertaining to the deposits, accounts, loans, or other transactions of a depositor, owner, borrower, or customer may not be disclosed unless the court orders and the financial institution subsequently obtains the written consent of the depositor, owner, borrower, or customer to whom the records pertain, or (iii) in response to a subpoena issued by a legislative investigating committee of the Legislature of Texas, or (iv) in response to a request for examination of its records by the Attorney General of Texas pursuant to Article 1302-5.01 et seq. of the Texas Miscellaneous Corporation Laws Act.

Acts 1989, 71st Leg., ch. 1196, § 7, at 4885, effective June 16, 1989.

Attorney General Opinion JM-101 (1983), at 2, pointed to the provision in section 3 of a 1983 amendment to article 342-705 that "the provisions of this Act shall not apply to the investigation or prosecution of criminal offenses." You state in your brief, and we assume for purposes of this opinion, that the bank records you ask about are not sought in the context of criminal investigations or prosecutions.

The limitations on required disclosure provided for in article 342-705 were first adopted in 1963, and then applied only to bank depositors' accounts. Acts 1963, 58th Leg.,

ch. 440, § 1, at 1135.[3]   The 1989 amendment to article 342-705 broadened the scope of the disclosure restriction to cover "records pertaining to the deposits, accounts, loans, or other transactions of a depositor, owner, borrower, or customer" of a financial institution.  Acts 1989, 71st Leg., ch. 1196, § 7, at 4885.  Clearly, the application of article 342-705 in its present form as a restriction on the examination of S&L's under section 8.02 would limit not only the department's access to bank records deemed relevant to examinations, but also access to the records of S&L's under examination, the latter being "financial institutions" now within the article's coverage.

The 1989 amendment to article 342-705 also added a section 5, providing in relevant part:

> This article does not restrict or apply to the use or disclosure by a bank of information or records pertaining to deposits, accounts, or bank transactions if the use or disclosure is made in good faith in the usual course of the financial business of the bank . . . .

Id. at 4886.

---

3.   It is perhaps worthy of note that subparts (iii) and (iv) of section 1, excepting legislative committee subpoenas and certain requests for examination by the attorney general from the required disclosure prohibition, derive from a house committee amendment to the 1963 bill which originally added the disclosure restrictions to article 342-705.  The bill as introduced provided only for the litigation exceptions covered in subparts (i) and (ii). See Bill File, S.B. 298, 58th Leg. (1963).

We also note that in the enrolled version of the 1989 amendment to section 1, and in the corresponding session law entry -- chapter 1196 -- an "as" appears to have been mistakenly deleted from the pre-amendment language before the words "to whom information is to be disclosed" in subpart (i).  That language should probably read "except (i) where the depositor, owner, borrower, or customer as to whom the information is to be disclosed . . ." Obviously subpart (i) is meant to except information as to depositors and not information to be disclosed to the depositors, etc., themselves. See Bill File, S.B. 962, 71st Leg. (1989).

Though we do not here rule on the precise scope of the language in section 5, that article 342-705 "does not restrict or apply to . . . disclosure . . . [of bank] records . . . if the use or disclosure is made in good faith in the usual course of the financial business of the bank," we think that the language strongly suggests that the article is not intended to apply to disclosures in the course of section 8.02 examinations. Banks and other financial institutions are regulated industries, and it would seem that the periodic examinations provided for in section 8.02 as part of the regulatory process would be matters "in the usual course of the financial business of the bank."

Concededly, if section 5 of article 342-705 is not read to except that articles' application to section 8.02 examinations involving bank records, the provisions of section 8.02 and article 342-705 could be harmonized by reading the disclosure limitations in article 342-705 as an exception to the subpoena provisions of section 8.02; i.e., that section 8.02 authorizes the commissioner to gain access to records pertinent to examinations of S&L's except those records article 342-705 provides a financial institution may not be required to disclose. You suggest in your brief that to place such restrictions on section 8.02 examinations would yield an absurd result by rendering examinations based only on records not covered by article 342-705 ineffectual. Of course, in attempting to ascertain the legislative intent as to the interaction, if any, of section 8.02 and article 342-705, a court would indulge the presumption that the legislature could not have intended an absurd or un-reasonable result. See, e.g., Metropolitan Transit Auth. v. Plessner, 682 S.W.2d 650 (Tex. App. - Houston [1st Dist.] 1984, no writ).

A determination of whether the result of limiting the section 8.02 subpoena power by the disclosure limitations in article 342-705 would be an absurd or unreasonable one might, we think, involve questions of fact as to examination procedures and whether the department's assessments of the soundness and lawfulness of an S&L's operations can be made without access to such records as are covered by article 342-705. We are unable to make findings of fact in the opinion process. The department, as the agency responsible for examining and regulating S&L's, is better situated than we are to make such determinations.

Clearly the purpose of section 8.02 examinations is to provide the commissioner with information about the financial condition of S&L's so that he may perform his other duties under the act. See, e.g., V.T.C.S. arts.

Mr. James L. Pledger - Page 7 (JM-1110)


342-205(d) (commissioner and department to supervise and
regulate S&L's); 852a, §§ 8.01 (department and commissioner
to regulate S&L's and subsidiaries and enforce Savings and
Loan Act), 8.04 (commissioner may intervene in the affairs
of an S&L if it is engaging in unsound practices or violates
applicable laws or rules), 5.01 (commissioner shall adopt
rules regarding loans and investments of S&L, including
types of loans S&L may originate, make, or sell), 5.05
(restrictions on lending). It may be that in order to
fulfill his statutory duties to insure that S&L's are
operating in a sound and lawful manner, etc., the commis-
sioner would have occasion to require information available
only from the types of records covered by article 342-705.

Until such time as a court,[4] through the taking of
testimony and other evidence, determines a reasonable
construction of the provisions in question, or until the
legislature clarifies their import, we feel we must defer to
what we understand to be the long-standing construction of
these provisions by the department: that the disclosure
restrictions of article 342-705 do not apply to the
obtaining of records by the Savings and Loan Commissioner in
the context of section 8.02 examinations of S&L's. The
newly added provisions of section 5 of article 342-705 would
appear to support the department's long-standing
construction of that article as not applying to section 8.02
examinations, at least when the records sought are bank
records within the meaning of that section.

In support of our decision to adhere to the construc-
tion of the provisions in question by the department, we
note that the Banking Department of the Finance Commission
has also, as we understand it, long construed the
restrictions on disclosure in article 342-705 not to apply
to bank examinations conducted by the Banking Department
under the similarly broad authorization of V.T.C.S. article

---

4. Interestingly, Nikrasch v. State, 698 S.W.2d 443,
450 (Tex. App. - Dallas 1985, no writ), noted that the
language of the prior version of article 342-705 under
consideration in that opinion -- "neither shall any bank be
required to disclose the amount deposited by any depositor
to third parties" -- did not "forbid a bank from disclosing
how much a depositor has on deposit; it only provides that a
bank may not be required to disclose that information."
(Emphasis in original.) We find no cases, however,
addressing whether article 342-705 limits the subpoena of
bank records under section 8.02.

342-208 (commissioner, etc., may "examine any person under oath upon any subject which he deems pertinent to the financial condition of any state or private bank").

We also note that section 11.18 of V.T.C.S. article 852a, the Savings and Loan Act, restricts the commissioner and other officers, agents and employees of the savings and loan section from disclosing information obtained in examinations. The existence of these provisions we think suggests that there would be no policy served by applying the additional disclosure restrictions of article 342-705 to section 8.02 examinations of S&L's. The provision of 12 U.S.C., section 3413(b), also indicates that, as a policy matter, regulatory agencies should not be subject to disclosure restrictions such as these of article 342-705. Section 3413(b) excepts examinations by supervisory agencies of financial institutions from the restrictions on access to financial records by government authorities provided for in sections 3401, et seq.

You also ask:

> Do the advance notice and challenge provisions of Sections 2 and 3 of Article 342-705, apply to subpoenas issued to banks by the Texas Savings and Loan Commissioner in examinations conducted under Section 8.02 of the Texas Savings and Loan Act?

Section 2 of article 342-705 provides that "before disclosure, production, or examination may be required under Section 1 of this article" the party or entity seeking disclosure must give notice and certificate of service as provided for in the section. Since, following the Savings and Loan Department's construction of the provisions in question, we have concluded that the disclosure limitation provisions of section 1 of article 342-705 do not apply to records sought by the department under section 8.02 of the Savings and Loan Act, it would follow that the department's obtaining such records would not involve a "disclosure, production, or examination . . . required under Section 1" within the meaning of the provisions of section 2, and that the notice and certification requirements of section 2 would therefore not be applicable to subpoenas for records issued to banks in connection with S&L examinations under section 8.02 of the Savings and Loan Act.

Section 3 of article 342-705 deals with court challenges to production subpoenas, requests, etc. under sections 1 and 2. Since, as we have concluded, sections 1 and 2 of article 342-705 do not apply to subpoenas of bank

records by  the Savings  and Loan  Department under  section 8.02 of the Savings and Loan Act, the provisions of  section 3 regarding challenges to section 1 and section 2  subpoenas would not apply either to such section 8.02 subpoenas by the department.

### S U M M A R Y

The   provisions   of   V.T.C.S.   article 342-705, restricting disclosure of records of a financial  institution  and  providing  for notice, certificates  of  service,  and  court challenges  with  regard   to  requests   and subpoenas for such records,  do not apply  to subpoenas for bank records by the Savings and Loan Commissioner in connection with examinations of savings and loan associations  under section 8.02 of article 852a, the Savings and Loan Act.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General