**A. M. SERVICING CORP. OF DALLAS et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 16381.

Court of Civil Appeals of Texas.

Dallas.

June 5, 1964.

Bloch & Walton, Corpus Christi, Johnson, Guthrie, White & Stanfield and Robert M. Greenberg, Dallas, for appellants.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Ted Z. Robertson and James M. Williamson, Asst. Dist. Attys., Dallas, for appellee.

BATEMAN, Justice.

This is an appeal from an order of the district court granting the State of Texas a temporary injunction against A. M. Servicing Corporation of Dallas and others, enjoining them, in specific terms as hereinafter set forth, from violating Art. 286a, Vernon's Ann.Penal Code, known as the Sunday Closing Law.

Section 1 of that statute prohibits the sale or offering for sale, on both the two consecutive days of Saturday and Sunday, of certain specified items of merchandise.

Section 4a of that Act is as follows:

"When a purchaser will certify in writing that a purchase of an item of personal property is needed as an emergency for the welfare, health or safety of human or animal life and such purchase is an emergency purchase to protect the health, welfare or safety of human or animal life, then this Act shall not apply; provided such certification signed by the purchaser is retained by the merchant for proper inspection for a period of one (1) year."

There is no statement of facts in the record presented in this court. The transcript contains the original petition for injunction, wherein it is alleged that the defendants have offered for sale and sold on both of two consecutive days of Saturday and Sunday certain of the items of merchandise listed in Section 1 of the statute, and have indicated that they will continue to do so; also the answer wherein the defendants allege compliance with the Act by requiring of each purchaser of the prohibited items a certificate in writing that the purchase is

748 █

needed as an emergency for the health, welfare or safety of human or animal life.

The order granting the temporary injunction contains findings that the defendants have offered for sale and sold on both the two consecutive days of Saturday and Sunday items of merchandise listed in Section 1 of the Act in question, that they have sold and offered for sale such merchandise in violation of the statute in such manner as to constitute such operation a public nuisance, and that they have not exempted themselves under Section 4a of the Act, "because purchasers did not certify in writing, as to articles purchased on the Sunday following the sales of such articles on Saturday as required by Section 4a, the Court interpreting and finding as a matter of law that as used in the context of Article 286a, Penal Code, 'will certify in writing' means the purchaser must verify or attest under oath that the articles of personal property are needed as an emergency for the welfare, health, or safety, of human or animal life."

That part of the order actually granting the injunction is as follows:

"THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Clerk of this Court shall issue a Writ of Injunction to Defendants, A. M. Servicing Corporation of Dallas, Robert Smith and R. J. DeFusco, enjoining, prohibiting, and restraining said Defendants, their agents, servants and employees, pending final hearing and determination of this cause, from, on both the two consecutive days of Saturday and Sunday, selling, or offering for sale, any of the items of merchandise listed in Section 1 of Article 286a of the Penal Code of the State of Texas, unless under such circumstances that the sale, or offering of such sale, is exempted by virtue of other provisions of said Article 286a, Penal Code, or if under Section 4a of Article 286a

of the Penal Code, the purchaser will verify or attest under oath that the article or articles of personal property are needed as an emergency for the welfare, health or safety of human or animal life."

█ By their first two points of error on appeal the appellants complain that the trial court engrafted on the provisions of Section 4a of the statute the requirement that the purchaser must verify or attest *under oath* that the articles of personal property are needed as an emergency for the welfare, health or safety of human or animal life. These points are clearly well taken. The trial court of course had authority and the duty to construe an ambiguous statute and, if necessary in order to ascertain the intention of the Legislature, even to add words to the language of the statute. Sweeny Hospital District v. Carr, (1964) 7 Tex.Sup.Ct.J. 372, 378 S.W.2d 40; State of Texas v. Shoppers World, Inc., (1964) 7 Tex.Sup.Ct.J. 436, 380 S.W.2d 107. However, courts may not, under the guise of construction, amend a statute by adding provisions thereto, no matter how desirable such additions might seem to the judge. 39 Tex.Jur. Statutes, § 89. We find nothing in the statute or the decisions to authorize the court to add this requirement of attestation under oath in connection with the certificate required by Section 4a. The phrase "will certify in writing" is unambiguous and not subject to construction. Board of Insurance Comm'rs of Texas v. Guardian Life Ins. Co., 142 Tex. 630, 180 S.W.2d 906.

We have carefully considered appellants' third, fourth and fifth points of error, find them to be without merit and overrule them.

The judgment appealed from is accordingly reversed and the temporary injunction dissolved.

Reversed.