

# The Attorney General of Texas

December 29, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-289

Re: Time at which livestock brands must be re-registered under article 6899j, V.T.C.S.

Dear Mr. Wade:

Article 6890, V.T.C.S., requires owners of various livestock to have distinct marks and brands and to record them with the clerk of the county in which their livestock are located. Article 6899j, V.T.C.S., provides that:

> Section 1. (a) ... In all ... counties each owner of... livestock. . . shall within six months after this Act takes effect have his mark and brand for such stock recorded in the office of the county clerk of the county. . . whether the brands and marks have been previously recorded or not.
>
> . . . .
>
> (c) After. . . six months from the taking effect of this Act all records of marks and brands now in existence in the county shall no longer have any force or effect. . . .
>
> . . . .
>
> Section 3. All brands and marks registered under the provisions of this Act shall be re-registered every 10 years in the manner prescribed in Section 1 of this act.

This act, which became effective August 30, 1971, clearly provides that owners who recorded their marks and brands within six months of that date must re-record them ten years later, i.e., within six months of August 30, 1981, and at subsequent ten-year intervals; however, it is not clear whether owners who subsequently record new marks and brands pursuant to article 6890 must re-record them at the same time. You have asked this office to resolve this ambiguity.

Article 6899j is susceptible of at least three interpretations: (1) that marks and brands registered within six months of August 30, 1971 — but not those first recorded after that time — must be re-registered every ten years; (2) that all owners must re-register their marks and brands ten years from the date they originally recorded them and at subsequent ten-year intervals; or (3) that marks and brands recorded after August 30, 1971, but prior to August 30, 1981, must be re-registered within six months of the latter date, and that at subsequent ten-year intervals, all brands and marks then existing must be re-registered. Our objective in construing article 6899j is to determine which interpretation best reflects the legislature's intent. Rogers v. First National Bank, 448 S.W. 2d 149 (Tex. Civ. App. - El Paso 1969, writ ref'd n.r.e.); A.M. Servicing Corp. v. State, 380 S.W. 2d 747 (Tex. Civ. App. - Dallas 1964, no writ).

The legislative history of article 6899j sheds little light upon what was intended. The bill analysis merely states that section 3 requires owners to "re-register marks and brands every ten years." Accordingly, we must determine the meaning of the act by considering other factors, such as "the end to be obtained, the mischief to be remedied and the purpose to be accomplished." City of Irving v. Dallas County Flood Control District, 377 S.W. 2d 215, 219 (Tex. Civ. App. - Tyler 1964), rev'd on other grounds, 383 S.W. 2d 571 (Tex. 1964).

It seems apparent that the primary objective of article 6899j was to provide county clerks with accurate, updated records of marks and brands that would be revised at ten-year intervals. The act requires all brands, whether previously recorded or not, to be registered within six months of its effective date, and states that upon expiration of that six-month period other records of marks and brands "shall no longer have any force or effect." V.T.C.S. art. 6899j, §1(c). It further provides that marks and brands registered under its provisions, including the time-frame set forth therein, shall be re-registered every ten years. It follows that the first interpretation suggested above, which would exclude from the re-registration requirement marks and brands which were first recorded after that six-month period, could not have been intended. As between the second and third alternatives, moreover, we believe the third was most likely intended. That interpretation requires owners to re-register their marks and brands during the same six-month period every ten years, without regard to when they originally recorded them, thus providing a practical and efficient means of ensuring that clerks have a revised set of records every ten years.

It is also relevant to note that article 6899h, V.T.C.S., which is concerned with marks and brands of livestock in Fayette County, provides for re-registration "at the end of each ten-year period from the effective date of this Act." (Emphasis added). V.T.C.S. art. 6899h, §2. Other statutory provisions bearing on the same subject may be considered in ascertaining legislative intent. Trinity Universal Insurance Co. v. McLaughlin, 373 S.W. 2d 66 (Tex. Civ. App. - Austin 1963, writ ref'd n.r.e.).

For these reasons, we conclude that article 6899j is to be construed as requiring that all marks and brands registered prior to August 30, 1981, must be re-registered within six months of that date, and that the re-registration process must be repeated at subsequent ten-year intervals for then-current owners.

## S U M M A R Y

Article 6899j, V.T.C.S., requires that all marks and brands registered prior to August 30, 1981, must be re-registered within six months of that date, and that the re-registration process must be repeated at subsequent ten-year intervals for then-current owners.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Peter Nolan
Bruce Youngblood