Honorable Bill D. Jackson, CPA County Auditor County of Galveston Galveston, Texas 77550
Re: Whether a claim for delinquent tax attorney commissions may be paid out of Farm-to-Market Lateral Tax Fund revenues
Dear Mr. Jackson:
You asked whether a County Auditor may approve a claim for delinquent tax attorney commissions out of Farm-to-Market Lateral Tax Fund revenue. The Farm-to-Market and Lateral Road Fund exists by virtue of article VIII, section 1-a, of the Texas Constitution and article 7048a, V.T.C.S. Article VIII, section 1-a, provides that counties may: . . . levy ad valorem taxes upon all property within their respective boundaries . . . provided the revenue derived therefrom shall be used for construction and maintenance of Farm-to-Market Roads or for Flood Control, except as herein otherwise provided. (Emphasis added). Article 7048a provides that: Sec. 2. . . [C]ounties . . . are hereby authorized to . . . collect ad valorem taxes upon all property within their respective boundaries . . . provided the revenue therefrom shall be used . . . for the construction and maintenance of Farm-to-Market and Lateral Roads or for Flood Control and for these two (2) purposes only. Sec. 3. Taxes . . . shall be credited . . . to separate funds known as the Farm-to-Market and Lateral Road Fund, to be used solely for Farm-to-Market and Lateral Roads within such county. . . . (Emphases added). The question is whether these provisions may be construed so as to permit delinquent tax revenue earmarked for the Farm-to-Market and Lateral Road Fund to be used to pay a delinquent tax attorney for his efforts in collecting that revenue. In our opinion, they may not be so construed. Article VIII, section 1-a, and article 7048a clearly provide that revenue from ad valorem taxation shall be used solely for the construction and maintenance of Farm-to-Market Roads or for flood control, and we see no basis for reading into these provisions an exemption which the legislature apparently did not intend. The law is well-settled that an unambiguous statute will ordinarily be interpreted literally and that courts may not, under the guise of statutory construction, read exceptions or exemptions into a statute, no matter how desirable they may seem. A. M. Servicing Corp. Of Dallas v. State, 380 S.W.2d 747 (Tex.Civ.App.-Dallas 1964, no writ). See also 53 Tex. Jur.2d Statutes §§ 119, et seq. Commissioners' Court v. Wallace, 15 S.W.2d 535 (Tex. 1929), does not compel a different conclusion. In that case, the Texas Supreme Court upheld a contract between a county and an abstract company which called for the company to furnish a complete abstract on all county property on which ad valorem taxes had not been paid in exchange for a portion of the delinquent taxes paid as a result of the company's efforts. However, despite language in the opinion to the effect that `a part of uncollected taxes (may) be used in defraying the expense of the collection . . .,' the case clearly turned on article 7335, V.T.C.S., which specifically authorized the commissioners' statutes authorize a delinquent tax attorney's commission to be paid out of Farm-to-Market Lateral Tax Fund revenue. We also direct your attention to article VIII, section 9 of the Texas Constitution, which establishes a general fund, a road and bridge fund, a permanent improvement fund, and a jury fund. A 1967 amendment to section 9 provides that `any county may put all tax money collected by the county into one general fund, without regard to the purpose or source of each tax.' However, this amendment has been held to apply only to these four tax levies and not to section 1-a funds. Attorney General Opinion H-530 (1975). Thus, revenue in the Farm-to-Market Lateral Tax Fund could not be transferred to the general fund and then be used to pay a delinquent tax attorney's commission for collecting delinquent Farm-to-Market and Lateral Road Fund revenue.
 SUMMARY
A claim for delinquent tax attorney commissions may not be paid out of Farm-to-Market Lateral Tax Fund revenue.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General