**HOUSTON LIGHTING & POWER COMPANY, Appellant,**

v.

**ALLEN & COON CONSTRUCTION CO. et al., Appellees.**

No. 09 81 039 CV.

Court of Appeals of Texas, Beaumont.

April 15, 1982.

Rehearing Denied May 6, 1982.

Hugh Rice Kelly, Houston, for appellant.

Thomas P. Sartwelle, John Murray, Houston, for appellees.

KEITH, Justice.

This suit involves the subrogated worker's compensation carrier's rights to recover from two third-party tortfeasors who settled at different times with the injured workman in his third-party action to recover damages for his personal injuries. A brief statement will aid in placing the operative facts in focus.

### Statement

Gordon Wagner, while in the course and scope of his employment with Frank Crown Plastering Company, accidentally sustained personal injuries by electrocution. Texas Employers Insurance Association ("TEIA"), the compensation carrier for Wagner's employer, paid benefits and incurred expenses amounting to nearly $30,000 because of Wagner's injuries.

Wagner brought a third-party action against Allen & Coon Construction Company ("A&C") and Houston Lighting & Power Company ("HL&P") seeking damages for his injuries, and TEIA intervened seeking recovery of its expenditures. A&C and HL&P filed cross actions against each other and brought Wagner's employer, Crown, into the suit claiming indemnity.

When Wagner's cause was called for trial, A&C settled with Wagner by paying him $80,000 and entering into a contract whereby it agreed to indemnify Wagner for all claims of TEIA. Wagner then dismissed his cause of action against A&C and the latter dismissed its cross action against Crown. The case continued with HL&P as the remaining defendant; but, while the jury was deliberating, HL&P agreed to pay Wagner another $80,000, a memorandum of settlement was dictated into the record, and the jury was discharged.

A dispute arose as to which of the defendants in the tort action were required to pay TEIA its admittedly valid subrogation claim. Finally, several months after the discharge of the jury, HL&P issued its drafts for $80,000 payable to Wagner *and* TEIA which were endorsed by both with Wagner receiving the entire proceeds thereof. Wagner then assigned all of his causes of action against A&C, including his rights under the indemnity agreement, to TEIA.

TEIA then sued A&C for recovery of its subrogated claims and, alternatively, as assignee of Wagner's indemnity agreement with A&C. In response, A&C sought contribution from HL&P.

All parties filed motions for summary judgment and judgment was entered in favor of TEIA against A&C for its subrogated claim, its stipulated attorney's fees, and interest. The motion of third-party plaintiff, A&C, was granted and judgment in its favor for contribution of one-half of the sum it was required to pay was assessed against HL&P. The motion of HL&P was denied. The two defendants, A&C and HL&P, have appealed. We affirm the judgment of TEIA against A&C and reverse the judgment awarding A&C contribution against HL&P, and now render judgment that A&C take nothing by its action.

### Opinion

Wagner's accident occurred on May 1, 1973, four months before the 1973 amend-

ment to the subrogation statute. See the present codification in *Tex.Rev.Civ.Stat. Ann. art. 8307, § 6a (Supp.1982)*. The subrogation statute, as it existed prior to its amendment in 1973, governs this appeal. *Reliance Ins. Co. v. Kronzer, Abraham & Watkins*, 582 S.W.2d 170, 172–173 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ); *Simpson v. Texas Employers Ins. Ass'n*, 519 S.W.2d 209, 213 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.).

In our review of the judgment based upon the action upon the several motions for summary judgment, we will be guided by the rules laid down in *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 592–593 (Tex.1975), as supplemented by *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

A&C contends that the trial court erred in granting TEIA's motion for summary judgment against it and also erred in refusing to grant its motion for summary judgment against TEIA.

The thrust of the argument is that TEIA legally released its claim against A&C "by accepting money from HL&P, giving it to the Plaintiffs [Wagners] and then seeking to obtain satisfaction of the same debt from another co-obligor." The argument is expanded:

"Thus, it is clear that when Texas Employers' agreed not to seek reimbursement from the Plaintiffs, Allen & Coon's hold harmless agreement became moot, and when Texas Employers' endorsed H.L. & P.'s checks 'in blank' and gave its share of the money to the Plaintiffs, its compensation Intervention was satisfied and it had no further cause of action against Allen & Coon."[1]

■ The law has been clear for more than forty years. When A&C paid its eighty thousand dollars to Wagner, it became, jointly and severally, liable along with Wagner to pay to TEIA its entire subrogation claim. *Traders & Gen. Ins. Co.*

*v. West Texas Utilities Co.*, 140 Tex. 57, 165 S.W.2d 713, 716 (1942). As stated in the cited case: "The right of the association to reimbursement out of the first money paid is statutory." Ten years later this "first money" rationale was applied again by the Supreme Court in *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 246 S.W.2d 865, 869 (1952). See also, *Pan American Ins. Co. v. Hi-Plains Haulers, Inc.*, 163 Tex. 1, 350 S.W.2d 644 (1961); and *Capitol Aggregates, Inc. v. Great American Ins. Co.*, 408 S.W.2d 922 (Tex.1966), for similar holdings.

The payment by A&C to Wagner was "first money", as described in *Haygood*, supra, and fixed the joint obligations to pay TEIA upon A&C and Wagner, jointly and severally. As between themselves, A&C and Wagner could and did shift the liability to A&C but it did not improve the position of A&C in this proceeding. It remained liable to TEIA under the statute in addition to its contractual liability under the indemnity agreement flowing to Wagner. The first point of error, complaining of the entry of judgment by granting TEIA's motion is overruled.

■ The second point of error is likewise without merit and is overruled. It rests upon a flawed and faulty assumption that HL&P's settlement with Wagner created liability on HL&P for TEIA's subrogation claim, ignoring completely the "first money" theory which had fixed A&C's liability to TEIA. A&C's counsel cites only *Traders & General* and *Haygood*, supra, as supporting its contention that the second settlement by HL&P with Wagner created a joint and several liability on A&C, HL&P, and Wagner to TEIA for the subrogation claim. We do not so read the cited cases, nor do we find any foundation for such a contention in the statute. Indeed, the contention flies in the teeth of the "first money" language used in the cited cases.

---

1. The only authority cited is *Hall v. Mockingbird AMC/Jeep, Inc.*, 592 S.W.2d 913 (Tex. 1979). We do not find the cited case pertinent in this case where all parties filed appropriate motions for summary judgment. Certainly, the cited case does not address the substantive law question posited by A&C.

■ A&C also contends that TEIA extinguished its claim when it endorsed the HL&P drafts for $80,000 and gave the entire proceeds to Wagner. We do not concur. As noted earlier, at that time Wagner and A&C were jointly liable for TEIA's claim but Wagner had something which he could use for bargaining purposes—the indemnity agreement executed by A&C to protect him against the claims of TEIA. He did not release A&C from its obligation; instead, he transferred his cause of action to TEIA and it sued thereon in his name. The transfer and assignment was lawful. *Independent Eastern Torpedo Co. v. Herrington*, 128 Tex. 17, 95 S.W.2d 377, 379 (1936). See also, *Foster v. Langston*, 170 S.W.2d 250, 251 (Tex.Civ.App.—San Antonio 1943, no writ).

The liability of A&C to TEIA became fixed at the time A&C paid Wagner more than the subrogation claim; the subsequent actions of HL&P did not affect the rights or liabilities of A&C. The trial court properly granted the summary judgment in favor of TEIA and that facet of the judgment is now affirmed.

HL&P has several points of error challenging the action of the court awarding A&C contribution as to the claims of TEIA, but we do not find it necessary to discuss each point separately. The thrust of the first two points is that A&C failed to show, as a matter of law, that it was entitled to contribution. We agree and sustain such points.

A&C contends, in effect, that it and HL&P were joint tortfeasors as to Wagner; but, there is nothing in the record which tends to support the contention; and, for that matter, there is no showing that either was a tortfeasor. It is true that both defendants were sued by Wagner and each paid substantial damages, but we have no record showing that either was legally liable to Wagner.

■ In *Lubbock Mfg. Co. v. International Harvester Co.*, 584 S.W.2d 908, 911 (Tex. Civ.App.—Dallas 1979, writ ref'd n. r. e.), Justice Robertson analyzed the authorities making application of the contribution statute, *Tex.Rev.Civ.Stat.Ann. art. 2212 (1971)*, and concluded that to come within the ambit of the statute certain prerequisites must be met. We summarize the holding, omitting all citations:

1. The tortfeasor must discharge the liability of the other tortfeasor to the plaintiff;

2. A tortfeasor must be established as a judgment debtor by the rendition of a judgment; and,

3. The tortfeasor who has been adjudged a judgment debtor, as aforesaid, may receive a contribution only if it has paid a disproportionate share of plaintiff's damages.

In drafting the settlement with Wagner, A&C took great care to release only itself, and specifically stated in the release: "This is not a release of any claims against Houston Light and Power Co."

The final judgment which was entered in the third-party action did not adjudicate liability for Wagner's injuries against any party.

■ Since A&C elected to compromise only its own liability to Wagner when it paid the $80,000, it has no claim for contribution against HL&P. *Lubbock Mfg. Co. v. International Harvester Co.*, supra. The first two points being determinative of the question, we now reverse the judgment of the trial court granting A&C contribution against HL&P and now render judgment that A&C recover nothing against HL&P.

The judgment of the trial court is affirmed in part and in part reversed and rendered as herein set out. All costs in all courts are adjudged against A&C. It is so ordered.