**TIERRA DEVELOPMENT COMPANY, et al., Appellants,**

v.

**C.W. SETTLES, et al., Appellees.**

**No. 13–83–223–CV.**

Court of Appeals of Texas, Corpus Christi.

May 24, 1984.

M. Lloyd Seljos, McAllen, for appellants.

E.R. Fleuriet, Harlingen, Charles W. Hury, Atlas & Hall, McAllen, Maurice D. Healey, Harlingen, for appellees.

Before NYE, C.J., and YOUNG and UTTER, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from the granting by the trial court of summary judgments in

favor of appellees, C.W. Settles, individually and d/b/a Settles Engineering Co.; Lockwood, Andrews & Newman, Inc.; and Southern Pacific Transportation Company, individually and d/b/a Southern Pacific Railroad Company, and against appellants, Tierra Development Company, a limited partnership, and David L. Clark, individually.

This suit was initially brought by Baltazar Longoria, Jr. against appellants and the City of Brownsville for damage to Longoria's home, its contents and equipment, resulting from flooding due to heavy rain and the drainage of water onto Longoria's property. Longoria sought recovery from appellants, based upon Texas Deceptive Trade Practices—Consumer Protection Act violations. Appellants, by cross-action, sought indemnity or contribution from appellees for any judgment rendered against them. We affirm the judgment of the trial court.

Longoria alleged that he had purchased a house from appellants on or about February 27, 1976. As consideration for this purchase, he executed a real estate lien note in the sum of Thirty-Two Thousand Fifty Dollars ($32,050.00), paid as a down payment One Thousand Seven Hundred Dollars ($1,700.00), and paid in closing expenses the sum of One Thousand Two Hundred Ninety-One and 25/100 Dollars ($1,291.25). Longoria further alleged that, prior to his purchase of the property from the appellants, the same property had experienced flooding and had required appellants to take such action as was necessary to repaint and make extensive repairs to the structure to conceal the defect from the public. Appellants not only failed to advise Longoria of the potential hazard but, rather, took steps to prevent him from discovering these facts.

In their cross-action, appellants alleged that appellees, C.W. Settles, individually and d/b/a Settles Engineering Co., were employed by appellants to design and furnish engineering information to them for the construction and development of the Tierra Del Sol Subdivision. Appellants plead that the subdivision was constructed according to these plans and specifications and that these appellees were "negligent in the performance of their contractual and professional obligations to [appellants] in that they failed to design said subdivision so that it would properly carry off the rainwater for said subdivision." Appellant asserted that, as a result of these appellees' negligence and their failure to exercise that degree of care that a careful and prudent engineer would exercise under the same or similar circumstances, appellants may be required to pay damages to Longoria.[1]

Appellants also plead in their cross-action that appéllees Southern Pacific Transportation Co., individually and d/b/a Southern Pacific Railroad Co., owns a right-of-way adjacent to Longoria's home, and that those appellees had constructed a culvert and drainage ditch on the east side of the right-of-way. The culvert was alleged to be too small, during heavy rains, for the free passage of water as a natural lay of the adjacent land. Appellants alleged that these appellees failed to construct and maintain the necessary culverts, sluices and drainage ditches to drain the land adjacent to its railroad bed and that they had a continuing duty to maintain said culverts, sluices and drainage ditches so that the water would drain from the subdivision. According to appellants, these appellee's failure to properly maintain said culverts, sluices and drainage ditches caused the water to backup onto Longoria's property and caused the damages for which Longoria was suing appellants.[2]

---

1. Settles Engineering Co., Inc. was alleged to have merged into its parent corporation, Lockwood, Andrews and Newman, Inc., on or about December 8, 1978.

2. Appellants also alleged these appellees to have a duty under TEX.REV.CIV.STAT.ANN. art. 6328 (Vernon 1926), to maintain drainage facilities along its rights-of-ways consistent with drainage prior to the building of the railroad bed, and that they breached this duty.

As a result, appellants sought full indemnity jointly and severally from all of the appellees in the full amount of any judgment taken by Longoria against appellants or, alternatively, contribution from these appellees.

By separate motions, appellees Southern Pacific Transportation Company and Settles Engineering Co., Inc. joined by Lockwood, Andrews and Newman, Inc. moved to sever the action against them into a separate lawsuit. The motions were granted by the trial court on November 13, 1979. Subsequent to this severance, appellants and Longoria entered into a settlement agreement, and the trial court entered an order of dismissal. Appellants then proceeded on their cross-action against appellees.

All of the appellees filed motions for summary judgment, asserting that appellants were not entitled to any contribution and/or indemnity as a matter of law. The trial court then entered a summary judgment for Settles and Settles Engineering Co. on March 31, 1983, and for the other appellees on April 6, 1983. Appellants now assert (in twelve points of error) that the trial court erred in granting the summary judgments because appellees failed to establish as a matter of law that they were so entitled.

■ In *Bonniwell v. Beech Aircraft Corporation*, 663 S.W.2d 816 (Tex.1984), the Supreme Court said:

"Only a vestige of common law indemnity remains. In *B & B Auto Supply*, we recognized the survival of common law indemnity with respect to liability of a purely vicarious nature. An analogous indemnity right survives in products liability cases to protect the *innocent* retailer in the chain of distribution. This is all that remains of the common law doctrine of indemnity."

*See also Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414 (Tex.1984); *see also Cypress Creek Utility Service Co., Inc. v. Muller*, 640 S.W.2d 860 (Tex.1982); *B & B Auto Supply, Sand Pit and Trucking Company v. Central Freight Lines, Inc.*, 603 S.W.2d 814 (Tex.1980). Furthermore, contribution among joint tortfeasors did not exist at the common law. Such doctrine is applicable in Texas only because of laws enacted by the Legislature. *Pyramid Derrick & Equipment Co. v. Mason*, 617 S.W.2d 727 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.). Although appellants purport to have a common-law relief, we find that any right to indemnity or contribution they might have must be statutory.

■ On November 5, 1983, appellants and Baltazar Longoria, Jr. and his wife entered into a release and settlement agreement with appellants. Under the terms of the agreement, the Longorias:

"released and by these presents do release, acquit and forever discharge TIERRA DEVELOPMENT COMPANY, a limited partnership, and DAVID L. CLARK, Individually, their respective agents, servants, employees, attorneys, and all persons, natural or corporate, in privity or affiliated with any of them, (hereafter referred to as "Released Parties") from any and all claims or causes of action of any kind whatsoever which the Releasing Parties have or might have, known or unknown, now existing or that might arise hereafter, ... said alleged causes of action more specifically described in Cause Number 77–1436–B in the District Court of Cameron County, Texas, 138th Judicial District, styled BALTAZAR LONGORIA, JR. VS. TIERRA DEVELOPMENT COMPANY, A Limited Partnership, and DAVID L. CLARK, Individually."

In entering into their settlement with Longoria, appellants only obtained a release of the Longorias' claim against them. It must be presumed that appellants agreed to pay only those damages for which they alone were liable. Any damages to the Longorias for which appellees are liable must now be determined by a separate cause of action existing between appellees and the Longorias. *See Lubbock Manufacturing Co. v. International Harvester Co.*, 584 S.W.2d 908, at 911–12; *Houston Lighting & Power Company v.*

*Allen & Coon Construction Co.,* 634 S.W.2d 875 (Tex.Civ.App.—Beaumont 1982, no writ); *Lower Neches Valley Authority v. City of Beaumont,* 392 S.W.2d 733 (Tex. Civ.App.—Beaumont 1965, writ ref'd n.r. e.). *See also, Bonniwell.* "Neither article 2212 nor article 2212a provides any right of contribution to a joint tortfeasor who has settled the plaintiff's claim." *Bonniwell* at 819; *see Lubbock Manufacturing Co. v. International Harvester Company,* 584 S.W.2d 908 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

In addition, the relief requested against appellants by Longoria (in his initial suit) was based upon a Texas Deceptive Trade Practices—Consumer Protection Act violation because of appellants' concealment of the fact that the property was prone to flooding. Whether appellees breached any duty to Longoria would be of no concern to appellants. It would not have afforded them an action for indemnity or contribution against appellees. *See County of Nueces v. Floyd,* 609 S.W.2d 271 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r. e.).

We have carefully considered all of appellants' points of error, and they are overruled. The judgment of the trial court is AFFIRMED.

