**PREWITT AND SAMPSON, a Partnership, and Brenda P. Prewitt, Appellants,**

v.

**The CITY OF DALLAS, Appellee.**

**No. 05–85–01058–CV.**

Court of Appeals of Texas, Dallas.

June 23, 1986.
Rehearing Denied July 30, 1986.

Lorenzo Brown, Dallas, for appellants.

John E. Kirby, Asst. City Atty., Dallas, for appellee.

Before VANCE, DEVANY and SCALES, JJ.

DEVANY, Justice.

Prewitt and Sampson, a partnership in the practice of law, and Brenda Prewitt, a partner in that firm (Prewitt), appeal a summary judgment for $3,179.39 in favor of the City of Dallas. Prewitt asserts in three points of error that the trial court erred by denying her motion for summary judgment, granting the City's motion for summary judgment, and denying her counterclaim for attorney's fees. For the reasons set out below, we affirm the judgment of the trial court.

The City of Dallas filed this suit to recoup workers' compensation benefits that it had paid to its employee, Herschel Crawford. Crawford, a defendant at the trial level, was an employee of the City on June 24, 1983, and while in the course of his employment, he sustained injuries when the vehicle which he was driving was struck from the rear by a third-party tortfeasor.

The City, a self-insuring subscriber to the Texas Workers' Compensation Law, paid $3,179.39 in weekly benefits to, and medical expenses for, Crawford pursuant to a claim filed on his behalf by Prewitt. Through Prewitt, Crawford also made claim against the third party tortfeasor alleging that he negligently caused his injuries. This claim was settled for $3,500, about five months after the accident occurred, *without* the City's knowledge or intervention. The settlement check was made payable to Crawford and Brenda Prewitt jointly. The City sued for conversion of these funds to the extent of the workers' compensation benefits paid, and the court granted summary judgment in that amount.

In Prewitt's first two points of error, in which she claims the trial court erred in granting summary judgment for the City and in refusing to grant summary judgment in her favor, her main contention appears to be that the City's motion for summary judgment does not state a cause of action for conversion against her. We do note that Prewitt states in her argument under these broad points of error that "there is insufficient evidence to support the trial court's findings." She does not, however, allege the existence of a fact issue. In any event, there is at least one deposition, that of Brenda Prewitt herself, on which the City relied and which the trial court had before it, that is missing from the record on appeal. If we treat Prewitt's claims as attacks on the sufficiency of the summary judgment evidence, they fail because we presume that the missing deposition established the correctness of that judgment. *DeBell v. Texas General Realty, Inc.*, 609 S.W.2d 892, 893 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Scruggs v. George A. Hormel & Co.*, 464 S.W.2d 730, 731 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.). Consequently, we restrict our inquiry to a determination of whether the City's summary judgment evidence established that it was entitled to judgment as a matter of law. We conclude that it does.

When a compensation carrier pays compensation to an injured employee, the "first money" recovered in a subsequent suit against a third-party tortfeasor belongs to the compensation carrier until it is repaid in full. *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 156, 246 S.W.2d 865, 869 (1952). In the instant case, this first money was $3,179.39 of the $3,500.00 paid by the third party tortfeasor to Crawford and Prewitt. As counsel for Crawford, Prewitt accepted this check and, we presume, benefited from at least a portion of the proceeds while having actual notice that the City had paid workers' compensation to Crawford. Furthermore, Prewitt had at least constructive notice of the City's right to this first money. *See Morris v. Reaves*, 580 S.W.2d 891, 893 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) (every person is conclusively presumed to know the law). Consequently, Prewitt's acceptance and retention of the check was wrongful.

An action will lie for the conversion of money when its identification is possible and there is an obligation to deliver specific money in question or otherwise particularly treat specific money. *Houston National Bank v. Biber*, 613 S.W.2d 771, 774 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). A check, like other personal property, is subject to conversion. *Ward v. Shriro Corp.*, 579 S.W.2d 257, 260 (Tex.Civ.App.—Dallas 1978, no writ).

We conclude that the first $3,179.39 of the proceeds from the $3,500.00 check from the third party tortfeasor paid jointly to Prewitt and Crawford was specific money which Prewitt converted as a matter of law by accepting and then refusing to relinquish to the City. *See Haygood*, 151 Tex. 149, 156, 246 S.W.2d 865, 869 ("the *first money* paid or recovered by the employee, or his representative, *belongs* to the compensation carrier paying the compensation, and until it is paid in full, the employee, or his representatives, have no right to any funds ...") (emphasis added); *Traders & General Ins. Co. v. West Texas Utilities Co.*, 140 Tex. 57, 63, 165 S.W.2d 713, 716 (Com.App.1942) ("the [first] money belonging to [the compensation carrier] was wrongfully paid by the third-party tortfeasor to the employee, who wrongfully received it, and both were thereby rendered liable to pay [the compensation carrier]...."). *See also Houston Lighting & Power Co. v. Allen & Coon Construction Co.*, 634 S.W.2d 875 (Tex.Civ.App.—Beaumont 1982, no writ).

In *Houston Lighting*, two third-party tortfeasors were sued. The first settled prior to trial and the second settled during jury deliberations. The first paid its settlement directly to the injured employee. Later, the second issued its payment to the employee and the subrogated carrier. The carrier waived its right to those proceeds

and sued the first tortfeasor to recover the amount of its lien. The court agreed that the carrier had acted properly in this situation because the payment to the employee by the first tortfeasor was "first money" and thereby fixed the joint obligations to pay the carrier upon both the first tortfeasor and the employee. The court also held that the second tortfeasor had no liability to the carrier and that to hold otherwise would support a contention which "flies in the teeth of the 'first money' language used in the cited cases." 634 S.W.2d at 877. As stated, the trial court's finding of conversion is correct.

 In her third point of error, Prewitt alleges that she is entitled to an award of up to one-third of any recovery by the City. She does not argue any impropriety by the trial court in ruling on her counterclaim for this recovery, but rather urges that she has established her entitlement to one-third of the recovery as attorney's fees under article 8307, section 6a(a) of the Revised Civil Statutes. We disagree.

Article 8307, section 6a(a) provides for the awarding of reasonable attorney's fees up to one-third of the recovery to an employee's attorney who recovers money to which the insurer is entitled through subrogation rights. It provides in relevant part:

> If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or of his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries. However, when the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, the association shall pay such fee to the claimant's attorney not to exceed one-third (⅓) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association *or in the absence of such agreement the court shall allow a reasonable attorney's fee* to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third per cent (33⅓) payable out of the association's part of the recovery.
>
> \* \* \* \* \* \*
>
> Unless the claimant's attorney complies with all of the requirements as prescribed in this section, the attorney shall not be entitled to receive any of the fees prescribed in this section to which he would be entitled pursuant to an agreement with the association.

(Emphasis added). TEX.REV.CIV.STAT. ANN. art. 8307, § 6a(a) (Vernon Supp. 1986).

We conclude, after a careful reading of this article, that the situation which now confronts us was not envisioned by the legislature when it amended the statute in 1973 by adding the current attorney's fee provisions. The purpose of the 1973 amendment was to fairly compensate a claimant's attorney who acts *for the benefit of a subrogated insurance carrier,* and to prohibit the carrier from obtaining a 'free ride' from the efforts of the claimant's attorney. *See Insurance Co. of North America v. Stuebing,* 594 S.W.2d 565, 567 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). We do not believe that the legislature intended to allow an attorney to collect money belonging to an insurance carrier through a subrogation right, convert it to his own use, refuse to return it, necessitating the carrier's expenditure of its own time and attorney's fees in order to recover its money, and still allow the attorney to recover attorney's fees for this illegal action. We hold that, as a matter of law, Prewitt has forfeited her right to attorney's fees under article 8307, section 6a(a) and that, consequently, the trial court correctly granted summary judgment on this issue.

The judgment of the trial court is affirmed.[1]

SCALES, J., dissents.

SCALES, Justice, dissenting.

I dissent. The majority enacts new legislation in order to arrive at an "equitable" result. The entire cause should be remanded to the trial court because genuine issues of material fact exist as to Prewitt's counterclaim.

The record reflects that the City moved for summary judgment only on its own cause of action; the City did not contest Prewitt's counterclaim in any way. Nor did Prewitt raise its counterclaim in its response to the City's summary judgment motion. The judgment, however, without explicitly mentioning the counterclaim, disposes of it by reciting, "All relief requested and not expressly granted is denied."

"It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding." *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983). Prewitt did not waive its counterclaim by not raising it in its response. *Id; Westland Film Industries v. State Board of Insurance*, 697 S.W.2d 621, 625 (Tex.App.—Austin 1985, no writ) (on rehearing). Therefore, the trial court erred in ruling on Prewitt's counterclaim. *Young v. Hodde*, 682 S.W.2d 236 (Tex.1984).[1] Prewitt does not, however, complain specifically about the form of the judgment;[2] thus, we must consider Prewitt's third point of error as attacking a properly rendered, adverse summary judgment.

Under its third point of error, Prewitt argues that disputed fact issues concerning Prewitt's counterclaim for attorney's fees remain unresolved by the trial court's judgment. I agree. The City did not present summary-judgment proof showing that no issue of material fact exists as to at least one element of Prewitt's counterclaim. *Adams v. Tri-Continental Leasing Corp.*, 713 S.W.2d 152 (Tex.App.—Dallas 1986, no writ). Therefore, the City is not entitled to summary judgment on the counterclaim, *Chessher*, 658 S.W.2d at 564, and the cause should be reversed and remanded.

Moreover, Prewitt, as the worker's attorney, pressed the worker's claim against the third-party tortfeasor, and those efforts resulted in a settlement in excess of the City's claim for reimbursement. The amount and value of Prewitt's efforts are

---

1. While we would normally ignore a passing barb in a dissenting opinion, we cannot allow the accusation that we have enacted "new legislation" to go unrebutted. While the dissent goes to great pains in order to point out why we are not reversing on unassigned error, it only concludes in passing that statutory interpretation is unnecessary here, for, in the eyes of the dissent, the question of reasonable attorney's fees is, apparently, *always* a question of fact. We disagree. In light of the legislative purpose behind the 1973 amendment to article 8307, section 6a(a), we remain firmly resolved that Prewitt has forfeited her claim to attorney's fees as a matter of law. This article should not be construed so as to ascribe that the legislature has done an unjust or unreasonable thing. *Metropolitan Transit Authority v. Plessner*, 682 S.W.2d 650, 653 (Tex.App.—Houston [1st Dist.] 1984, no writ).

1. The trial court should have rendered only a partial summary judgment. The erroneous rendition of a final summary judgment does not, however, deprive this court of jurisdiction where, as here, the judgment expressly disposes of all parties and claims by stating that "all relief not expressly granted is denied." *Teer v. Duddleston*, 664 S.W.2d 702, 703–04 (Tex.1984); *Hodde v. Young*, 672 S.W.2d 45, 47 (Tex.App.—Houston [14th Dist.] ), *writ ref'd n.r.e. per curiam*, 682 S.W.2d 236, 237 (Tex.1984); *Schlipf v. Exxon Corp.*, 626 S.W.2d 74, 77–78 (Tex.App.—Houston [14th Dist.] 1981), *writ ref'd n.r.e. per curiam*, 644 S.W.2d 453, 454–55 (Tex.1982) (on rehearing). Our Court has held that this rule does not apply where the "Mother Hubbard" provision may reasonably be construed to deny only the other relief sought by the moving party and neither party understands the order to be a final judgment. *Sakser v. Fitze*, 708 S.W.2d 40 (Tex.App.—Dallas 1986, no writ). This exception does not apply here.

2. The Texas Supreme Court has stated that an error in the form of the judgment is not "fundamental error." *Young v. Hodde*, 682 S.W.2d at 237; *Teer*, 664 S.W.2d at 704; *Schlipf*, 644 S.W.2d at 455.

fact issues which were not addressed in the trial court.

When the legislature enacted section 6a(a), it undoubtedly did not "envision" a scenario such as that before us. This fact does not, however, grant this Court legislative powers. We may not, under the guise of construction, amend a statute by adding words to it, no matter how desirable such additions might seem, *A.M. Servicing Corp. of Dallas v. State*, 380 S.W.2d 747, 748 (Tex.Civ.App.—Dallas 1964, no writ), and we may not usurp the power of the legislature by reading into a statute language that is not there. *Goldman v. Torres*, 161 Tex. 437, 341 S.W.2d 154, 158 (1960). Moreover, the case before us does not demand statutory interpretation; the conundrum which the majority creates for itself is resolved by remanding the cause to the trial court. The amount and reasonableness of attorney's fees is a question of fact, involving the consideration of various intangibles incapable of review by an appellate court. *Mack v. Moore*, 669 S.W.2d 415, 420 (Tex.App.—Houston [1st Dist.] 1984, no writ).

I would reverse and remand the cause to the trial court.