Harold J. SMITH, Jackson Smith, Donnie Keck and Wife, Harolyn Keck, Appellants,

v.

Robert O. BROOKS and Jane Brooks Higginbotham, Appellees.

No. 6–91–073–CV.

Court of Appeals of Texas, Texarkana.

Feb. 19, 1992.

---

Wayne Floyd, Mount Pleasant, for appellants.

W.F. Palmer, Huffman, Palmer & Neal, Marshall, James E. Burnett, Jefferson, for appellees.

Before BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Harold J. Smith, Jackson Smith, Donnie Keck, and wife Harolyn Keck appeal an award of attorney's fees and costs in favor of Robert O. Brooks and Jane Brooks Higginbotham in a trespass to try title suit.

In granting a summary judgment to Brooks and Higginbotham, the trial court determined that they should have title and possession to a seventy-one acre tract of land and attorney's fees and reimbursable expenses in the sum of $8,806.13. The Smiths and Kecks do not appeal the court's ruling in determining title, but in a single point on appeal, they contend that the trial court erred in awarding attorney's fees and reimbursable expenses.

In reviewing a summary judgment record, it is the duty of appellate courts to apply the following rules which are applicable to this case: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; (3) every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975).

■ The Smiths and the Kecks do not dispute the summary judgment evidence presented by Brooks and Higginbotham to establish title to the tract of land in question. They contend that Brooks and Higginbotham have not shown that they were entitled to attorney's fees pursuant to Section 16.034 of the Texas Civil Practice and Remedies Code. This is the only provision in the law that would allow attorney's fees in this type of action. This section in full is as follows:

(a) In a suit for the possession of real property between a person claiming under record title to the property and one claiming by adverse possession, if the prevailing party recovers possession of the property from a person unlawfully in actual possession, the court may award costs and reasonable attorney's fees to the prevailing party.

(b) To recover attorney's fees, the person seeking possession must give the person unlawfully in possession a written demand for that person to vacate the premises. The demand must be given by registered or certified mail at least 10 days before filing the claim for recovery of possession.

(c) The demand must state that if the person unlawfully in possession does not vacate the premises within 10 days and a claim is filed by the person seeking possession, the court may enter a judgment against the person unlawfully in possession for costs and attorney's fees in an amount determined by the court to be reasonable.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.034 (Vernon 1986).

■ There is no contention on appeal that Brooks and Higginbotham did not comply with subsections (b) and (c). The Smiths and the Kecks do not deny that the court determined them to be in unlawful possession of the land. Their contention is that there is no showing that this was a suit by persons claiming under record title to the property and persons claiming by adverse possession. Brooks and Higginbotham came into court claiming by record title and alternatively by adverse possession. The Smiths and the Kecks filed only a not guilty plea and a general denial. In order to claim title by limitation based upon adverse possession, a party must plead it specifically. *Rhoades v. Meyer*, 418 S.W.2d 300, 301 (Tex.Civ.App.–Texarkana 1967, writ ref'd n.r.e.). Under the plea of "not guilty," the defendant may give in evidence any lawful defense to the action except the defense of limitation, which shall be specifically pleaded. TEX. R.CIV.P. 789. Brooks and Higginbotham suggest that it must be inferred that the Smiths and the Kecks were claiming by adverse possession. It is not incumbent on the defendant in a trespass to try title case to prove title at all. Under Texas law, if the plaintiff does not prove his title, the suit divests him of title and vests the title in the defendant. *Knight v. Chicago Corp.*, 144 Tex. 98, 188 S.W.2d 564 (1945); *City of Houston v. Miller*, 436 S.W.2d 368 (Tex.Civ.App.–Houston [14th Dist.] 1968, writ ref'd n.r.e.); *Henderson v. Hall*, 174

S.W.2d 985 (Tex.Civ.App.–Galveston 1943, writ ref'd w.o.m.).

In their motion for summary judgment, Brooks and Higginbotham stated that, as a matter of law, the defendants do not own or claim an interest in the subject real property. This was echoed by Harold Smith's affidavit in response to the motion for summary judgment by his statement that none of the named defendants in the suit claimed title to the subject land, either by record title or by adverse possession.

Brooks and Higginbotham suggest that this issue is controlled by *City of Carrollton v. Duncan*, 742 S.W.2d 70 (Tex.App.–Fort Worth 1987, no writ). In that case, the City had initially claimed title by adverse possession, but disclaimed this defense shortly before trial. The court held that adverse possession in the context of the statute is viewed at the time of the filing of the suit. In the present case, there is nothing in the record to show that the Smiths and the Kecks were claiming by adverse possession at the time of the filing of the suit. While it is true that any claim made by the Smiths and Kecks was adverse to the ownership rights of Brooks and Higginbotham, the term *adverse possession* in this statute is a term of art indicating the required method of obtaining title by limitation.

Brooks and Higginbotham suggest some bizarre outcomes that could occur by applying the literal language of the statute in this case. They conclude that such results should not be the product of the judicial system. We agree that the application of the statutory language could result in a party not getting attorney's fees in some situations in which the party seems to be as much entitled to attorney's fees as those parties fitting precisely under the statute, but this is the result of the legislation and is not the product of the judiciary.

 Statutory provisions for the recovery of attorney's fees must be strictly construed because they are penal in nature and are in derogation of the common law. *Smith v. Matthews*, 662 S.W.2d 150 (Tex. App.–Fort Worth 1983, no writ). An award of attorney's fees may not be supplied by implication but must be provided for by the express terms of the statute in question. *First City Bank—Farmers Branch, Texas v. Guex*, 677 S.W.2d 25 (Tex.1984).

 When construing statutory enactments, the ordinary significance shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they shall have the significance attached to them by experts in such art or trade. The court must construe a statute as written and, if possible, ascertain its intention from the language used therein and not look for extraneous matters to be used as a basis for reading into the statute an intention not expressed or intended to be expressed therein. *Government Personnel Mutual Life Insurance Co. v. Wear*, 151 Tex. 454, 251 S.W.2d 525 (1952); Tex.Gov't Code Ann. § 312.002 (Vernon 1988). A court does not have the authority under the guise of construction to amend a statute by adding provisions, no matter how desirable they might seem. *A.M. Servicing Corp. of Dallas v. State*, 380 S.W.2d 747 (Tex.Civ.App.–Dallas 1964, no writ).

The Legislature could have easily provided that the prevailing party in all disputes involving the ownership of land is entitled to attorney's fees. The Legislature, however, did not choose to allow attorney's fees in all such cases, but specifically limited the entitlement to attorney's fees to cases between persons claiming under record title and persons claiming by adverse possession.

Neither the summary judgment proof nor the claims made in the pleadings establish that the Smiths and Kecks were claiming title to the land in question by adverse possession. Brooks and Higginbotham have not shown that they were entitled to judgment awarding attorney's fees and reimbursable expenses as a matter of law.

 When no motion for summary judgment has been filed in the trial court by an appellant who is successful on appeal, an appellate court does not have the power to reverse and render judgment of the trial court, but can only reverse and

**212**

remand. *Alamo National Bank of San Antonio v. Hurd*, 485 S.W.2d 335 (Tex.Civ. App.–San Antonio 1972, writ ref'd n.r.e.).

The judgment awarding title and possession to the land has not been challenged in this appeal. We reverse that portion of the summary judgment allowing attorney's fees and reimbursable expenses and remand it to the trial court for a trial on the merits.

CORNELIUS, C.J., not participating.