Opinion issued December 20, 2007






 












In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00494-CV

__________


RONALD X. GORDON, Appellant


V.


FLORA GODSEY, Appellee






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2004-20453






MEMORANDUM OPINION

 Appellant, Ronald X. Gordon, challenges the trial court's final judgment,
rendered after a bench trial, in favor of appellee, Flora Godsey, in Gordon's suit for
trespass to try title. In three issues, Gordon argues that the trial court erred in
entering judgment in favor of Godsey because the judgment "does not comport to the
rules that govern a trespass to try title proceeding," the trial court's "findings of fact
and conclusions of law . . . ignored the truth," and the trial court "admitted [that it]
was not familiar with a trespass to try title proceeding," establishing "constitutional
error." 

 We affirm. 

Factual and Procedural Background


 In his original petition, Gordon alleged that Godsey fraudulently "deprived
[him] from inheriting" real property located in Houston. Godsey filed a response, in
which she denied committing fraudulent acts and asserted that she had purchased the
property in question "ten years ago." Godsey further asserted that she had since "paid
taxes and legally made claim to said property." Godsey requested that the trial court
enter a judgment in her favor for title and possession of the property. Gordon
subsequently filed a demand for "an abstract in writing of [Godsey's] claim or title
to the real property in question." Apparently in response to this demand, Godsey
provided a signed letter reasserting her claim that she had "purchased the willed
property several years ago from [her] deceased mother-in-law, Alberta Godsey
['Alberta']." Gordon subsequently filed a "motion to show defects in [Godsey's]
title," asserting that Godsey should be "precluded from filing any evidence of [her]
claim to the land at trial." Gordon also asserted in this motion that a recorded deed
showed that he, by his relatives, was in prior possession of the land and that he was
entitled to "recover possession of the land under the theory of prior possession
coupled with the fact Godsey has failed to show proof of [her] claim to the land." 

 The trial court conducted a bench trial and received testimony from Gordon
and Godsey. At trial, both parties agreed that Quinn E. Gordon ("Quinn") had
previously owned the property in dispute. Although no reporter's record was taken
at the bench trial, (1) the trial court summarized Gordon's and Godsey's testimony in its
findings of fact and conclusions of law. As recited by the trial court in its findings
and conclusions, Gordon testified that Quinn's will had been improperly probated in
the wrong county, Gordon's father inherited the property through intestacy because
the will was improperly probated, and Gordon inherited the property when Gordon's
father died intestate. Gordon did not deny that Quinn had a will at the time of his
death or that Quinn left the property to Alberta in his will. Gordon's claim to the
property was based on his argument that Quinn's will had been improperly probated. 
Contrary to Gordon's claim, Godsey testified that Quinn had "transferred or willed"
the property to Alberta, who was Quinn's caretaker during the last years of Quinn's
life. Godsey stated that she had subsequently purchased the property from Alberta
and that she had been paying taxes on the property for years. 

 The trial court found that Gordon had failed to establish "a prima facia case
such as to shift the burden to [Godsey] to provide evidence of title" and that Gordon
had "not proven to the court beyond a preponderance of evidence that he has a
superior claim to the property either through a common source of title or through
prior possession." Thus, the trial court concluded that "proper title in the property is
now vested in [Godsey]." See Wells v. Kansas Univ. Endowment Ass'n, 825 S.W.2d
483, 486 (Tex. App.--Houston [1st Dist.] 1992, writ denied) (stating that, in trespass
to try title action, burden of proof is on plaintiff to establish superior title "by an
affirmative showing of: (1) title emanating from the sovereignty of the soil; (2) a
superior title in himself emanating from a common source; (3) title by adverse
possession; or (4) title by prior possession coupled with proof that the possession has
not been abandoned" and that "[i]f the plaintiff fails to satisfy his burden of proof of
superior title, the defendant is entitled to judgment without proving any right of title
of possession"); see also Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226, 226 (1961)
(stating that "[i]t has long been the rule in this State that in a trespass to try title suit,
the plaintiff must recover upon the strength of his own title" and that "[i]f the plaintiff
under the circumstances fails to establish his title, the effect of a judgment of take
nothing against him is to vest title in the defendant"). The trial court rendered final
judgment in favor of Godsey, ordering that Gordon take nothing and that Godsey
receive title and possession of the property. Trespass to Try Title

 In three issues, Gordon argues that the trial court erred in entering judgment
in favor of Godsey because the judgment "does not comport to the rules that govern
a trespass to try title proceeding," the trial court's "findings of fact and conclusions
of law . . . ignored the truth," and the trial court "admitted [that it] was not familiar
with a trespass to try title proceeding," establishing "constitutional error." Within
these three issues, Gordon also asserts that the trial court erred in denying his request
for a pretrial order that would have precluded Godsey from presenting any evidence
at trial, that the trial court's admission that it was not familiar with trespass to try title
proceedings constituted an abuse of discretion and established "judicial bias and
prejudice," and that Quinn's will was fraudulently probated in the wrong county. 

 As we have recently noted, "[i]t is the burden of the appellant to bring forward
a sufficient record to show the error committed by the trial court." See Nicholson v.
Fifth Third Bank, 226 S.W.3d 581, 583 (Tex. App.--Houston [1st Dist.] 2007, no
pet.). If, as here, the trial court conducts a bench trial and enters findings of fact, and
if the record on appeal does not include the reporter's record from the bench trial, we
must presume that the evidence presented at trial was sufficient to support the trial
court's findings and judgment. See Nelkin v. Panzer, 833 S.W.2d 267, 268 (Tex.
App.--Houston [1st Dist.] 1992, writ dism'd w.o.j.); see also Nicholson, 226 S.W.3d
at 583 ( noting that, even when there are no findings of fact, "[w]hen there is no
reporter's record made . . . , we assume that the trial court heard sufficient evidence
to make all necessary findings in support of its judgment."); In re Mott, 137 S.W.3d
870, 877 (Tex. App.--Houston [1st Dist.] 2004, no pet.) ("It is axiomatic that the
person complaining about a matter in the trial court has the burden to furnish the
reviewing court the record demonstrating the matter about which the person is
complaining."); Aguero v. Aguero, 225 S.W.3d 236, 238 (Tex. App.--El Paso 2006,
no pet.) ("The failure of appellant to provide this Court with a record prevents us
from reviewing the substance of the testimony actually presented . . . to determine if
it was improperly admitted by the trial court."; "[W]ithout a record, we are unable to
determine if appellant has preserved this issue for our review."). 

 Gordon agrees that a review of his issues, and sub-issues, requires consideration
of the "facts and evidence" presented during the trial proceedings. Moreover, it is
undisputed that the trial court entered its findings of fact, conclusions of law, and
judgment only after conducting a bench trial and receiving testimony from the parties
and other documentary evidence. Yet, Gordon has failed to provide this Court with
an official reporter's record from the bench trial proceedings, setting forth the "facts
and evidence" to which Gordon refers in his briefing and on which the trial court
based its findings, conclusions, and judgment. See Tex. R. App. P. 34.6. Because
Gordon has failed to provide us with a reporter's record from the bench trial, we must
presume that the evidence presented at trial was sufficient to support the trial court's
findings and judgment. See, e.g., Nelkin, 833 S.W.2d at 268. Accordingly, we
overrule Gordon's issues to the extent they relate to the sufficiency of the evidence to
support the trial court's judgment. See id.

 To the extent that Gordon's appeal is not wholly resolved by his failure to file
a reporter's record, we also reject Gordon's complaint that the trial court erred in
denying his request for a pretrial order precluding Godsey from presenting any
evidence at trial. A defendant in a trespass to try title action "may file only the plea
of 'not guilty,' which shall state in substance that he is not guilty of the injury
complained of in the petition filed by the plaintiff against him. . . ." See Tex. R. Civ.
P. 788. "When a defendant pleads 'not guilty,' the defendant admits possession of the
subject property and claims a better title." Wells, 825 S.W.2d at 486. "The burden of
proof is then on the plaintiff to establish a superior title in himself by a preponderance
of the evidence." Id. "Under Texas law, if the plaintiff does not prove his title, the
suit divests him of title and vests the title in the defendant." Smith v. Brooks, 825
S.W.2d 208, 210 (Tex. App.--Texarkana 1992, no writ). Moreover, it is well-settled
that, in a trespass to try title action, a plaintiff must "prevail on the superiority of his
title, not on the weakness of a defendant's title." Martin v. Amerman, 133 S.W.3d
262, 265 (Tex. 2004) (citing Land v. Turner, 377 S.W.2d 181, 183 (Tex. 1964)); see
also Wells, 825 S.W.2d at 486 ("The plaintiff in an action in trespass to try title must
recover, if at all, on the strength of his or her own title and may not rely on the
weakness of the defendant's title). 

 Here, as recited by the trial court in its findings of fact and conclusions of law,
Godsey's response constituted a plea of "not guilty" under the rules. See Tex. R. Civ.
P. 788. Contrary to Gordon's arguments, after Godsey filed her plea, it was not
incumbent upon her to prove her title. See Smith, 825 S.W.2d at 210. Even if we were
permitted to review the unofficial bench trial transcript contained in the clerk's record,
the trial court noted in its findings of fact and conclusions of law that Gordon failed
to present evidence establishing that Quinn's will was improperly probated, that
Gordon would have inherited the property had Quinn's will not been improperly
probated, or that Gordon had prior possession of the property and had not abandoned
the property. Thus, the trial court did not err in concluding that Gordon never made
"a prima facia case such as to shift the burden to [Godsey] to provide evidence of title"
and that Gordon had "not proven . . . beyond a preponderance of evidence that he has
a superior claim to the property." 

 Finally, nothing in the record indicates that the trial court ever stated that it was
unfamiliar with trespass to try title proceedings or that, even if the trial court had made
such a comment, Gordon timely objected to any such comment on the grounds asserted
on appeal. Thus, Gordon has waived any complaint that any such comment
established "judicial bias and prejudice." See Tex. R. App. P. 33.1; see also Aguero,
225 S.W.3d at 238. 

 We overrule Gordon's first, second, and third issues. (2) 





Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.



1. Although the clerk's record contains a copy of what purports to be an "unofficial
bench trial transcript" and the trial court, in its findings of fact and conclusions of law,
makes reference to a "trial transcript," no reporter's record was filed with this Court. 
See Tex. R. App. P. 34.6. The court reporter in the underlying proceedings has filed
a certification with this Court that she was the only court reporter assigned to the
underlying proceedings and that no reporter's record was taken at the bench trial. 
Additionally, neither party makes any citation to a reporter's record in their briefing. 
2. To the extent that Gordon has attempted to raise any additional issues, we hold that
those issues have been inadequately briefed. See Tex. R. App. P. 38.1(h). For
example, Gordon asserts in his briefing that the trial court's actions denied him
"equality under the law . . in violation of [his] inherent civil rights." Gordon also
makes numerous, passing references to constitutional rights, but he fails to cite
appropriate authority or provide any comprehensible argument as to how these cited
concepts apply to the instant appeal. Thus, Gordon has waived these inadequately
briefed issues. See Tex. R. App. P. 33.1.